**Thomas J. LAYDEN v. CITY OF RUTLAND and Ronald Graves**

[737 A.2d 894]

No. 98-459

July 1, 1999. Plaintiff Thomas Layden appeals the superior court's grant of summary judgment for defendant City of Rutland, claiming that the development rights and interests he acquired in a condominium project are not subject to taxation by the City under 27 V.S.A. § 1322. We affirm.

The essential facts are not in dispute. On February 14, 1997, plaintiff purchased

Country Grove Condominiums, an incomplete condominium project developed by Patch Pond Partnership. Prior to the purchase, the project had been the subject of a tax dispute between the partnership and the condominium owners and the City. By stipulation, the undeveloped property of Country Grove Condominiums was taxed to the partnership, separately from the individual condominium owners' tax assessment.

The partnership's condominium project was subsequently foreclosed upon by Marble Bank and the land and premises conveyed to Sowamco X, Ltd. by limited warranty deed. Sowamco X, Ltd. then conveyed the same land and premises to plaintiff. In a separate "bill of sale," Sowamco X, Ltd. conveyed to plaintiff the personal property located on the real property and the intangible property attached to it, including development rights.

Plaintiff filed a request for declaratory judgment with the superior court for a determination as to whether the taxes assessed against the development rights were invalid under 27 V.S.A. § 1322, a provision contained in the Condominium Ownership Act. In a companion case, plaintiff filed a tax appeal from the assessment of the Board of Civil Authority of Rutland. The court consolidated the two cases, and plaintiff filed motions for summary judgment with the City filing cross-motions. Without addressing § 1322, the court determined that, based on the deed, the bill of sale, and the stipulation entered into by the prior owner and the City, real property was transferred to plaintiff along with the development rights of the property. The court found that although development rights were transferred, the acquired land was physical property held separately from the condominium owners' association and therefore subject to separate taxation by the City. The court granted the City's motion for summary judgment and plaintiff appealed.

Plaintiff claims that because only non-taxable condominium development rights were transferred, 27 V.S.A. § 1322 controls the disposition of this tax dispute. Plaintiff argues that the land may not be taxed separately to plaintiff because the undeveloped land is included in the common areas of the condominium association under § 1322, and is therefore included in the taxes assessed to the individual condominium owners.

We review a motion for summary judgment using the same standard as the trial court. See *O'Donnell v. Bank of Vermont*, 166 Vt. 221, 224, 692 A.2d 1212, 1214 (1997). Summary judgment is granted only when the moving party has demonstrated that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See *id.*

Before we reach the issue of whether 27 V.S.A. § 1322 applies, we must first determine whether the Condominium Ownership Act applies. We determine that the property at issue falls within the Condominium Ownership Act. See 27 V.S.A. § 1303 (chapter applies only to property subject to properly executed and recorded declaration). We reach this conclusion by examining the controlling declaration of condominium for Country Grove Condominium at the time of the acquisition by plaintiff in February 1997. In that document, the partnership was the "declarant" and owner of "lands and premises which are made subject to this Declaration." Under section 20 a), the declarant reserved the "right and exclusive authority to act for and as the Owners' Association until the sale and conveyance of 75% of Country Grove Units," with the additional provision that at declarant's sole discretion, the authority to operate and manage the owners' association could be transferred to the unit owners prior to the sale of seventy-five percent of the units. Additionally, the declarant could, without consent of the

owners or any persons, "modify the development plan for undeveloped Phases of Country Grove."

At the time of the transfer to plaintiff, only forty-four of the proposed sixty-four condominiums had been constructed, less than seventy-five percent of the project. No amendments stating that the partnership was no longer controlling the condominium owners' association had been filed. At the time of purchase, plaintiff acquired exclusive control over the owners' association, the common areas, and the undeveloped land and development rights of the project. Thus any undeveloped land associated with the project and the development rights were contained within the declaration of condominium and therefore fall under the rubric of the Condominium Ownership Act.

After reaching this conclusion, we reframe the issue to be whether "undeveloped land" subject to a declaration of condominium is the same as "common areas." We hold that they are not. Therefore the undeveloped land could be taxed to plaintiff separately from the condominium owners.

Section 1322 provides: "Each apartment . . . and its percentage of undivided interest in the *common areas and facilities* shall be considered to be a parcel and shall be subject to separate assessment and taxation. . . ." 27 V.S.A. § 1322 (emphasis added). "Common areas and facilities" includes land on which the buildings are located, yards, gardens, private roads and streets, parking areas and storage spaces, community facilities if provided in the declaration, and "[a]ll other parts of the property necessary or convenient to its existence, maintenance and safety, or *normally in common use.*" 27 V.S.A. § 1302(6)(H) (emphasis added). Furthermore, "[t]he percentage of the undivided interest of each apartment or site owner in the common areas and facilities as expressed in the declaration *shall have a permanent character.*" 27 V.S.A. § 1306(b) (emphasis added).

Our goal in interpreting statutes is to give effect to the intent of the Legislature. See *Russell v. Armitage*, 166 Vt. 392, 403, 697 A.2d 630, 637 (1997). When the meaning of a statute is plain on its face, we enforce it according to its terms. See *id.* We conclude from the plain language of §§ 1322, 1302 and 1306 that common areas taxed to condominium owners individually apply only to those lands normally in common use by owners and not yet-to-be-developed lands subject to the declaration of condominium.

Here, the declaration of condominium's site plan described the "lands" separately from the "premises, common areas, limited common areas and common facilities." Furthermore, after purchasing the property, plaintiff applied for, and was granted, an amendment to the land use permit altering the development project from twenty-four unbuilt condominiums to four single family homes. In his application for the amended land use permit, only plaintiff is listed as the applicant and landowner, with plaintiff's legal interest in the land listed as "ownership in fee simple." We conclude that plaintiff is subject to taxation by the City for the undeveloped land included in the declaration of condominium.

*Affirmed.*